### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

BRUCE A. POINTER, Sr., )
PIERRETTE M. POINTER, )
3453 25th Street, S.E. ) Civil Action No: _____
Washington, DC 20020 )
)
      Plaintiffs, )
)
      v. )
)
DISTRICT OF COLUMBIA, )
A Municipal Corporation )
SERVE: Office of the Atty. General )
      441 Fourth Street, N.W., 6th Floor )
      Washington, D.C. 20001 )
)
      and )
)
SERVE   Adrian Fenty, Mayor )
      John A. Wilson Building )
      1350 Pennsylvania Ave., N.W. )
      Washington, D.C. 20004 )
)
      and )
)
METROPOLITAN POLICE OFFICER )
GEORGE L. BRYANT )
In both his individual and official capacities )
Seventh Police District, )
2455 Alabama Ave., S.E. )
Washington, DC 20020 )
)
      Defendants. )

### <u>NOTICE OF REMOVAL</u>

      The District of Columbia received a copy of the Summons and Complaint in the above-captioned matter on or about January 14, 2008. In Paragraphs 1 and 2 of the Complaint, plaintiffs assert federal constitutional claims against the District pursuant to 42 U.S.C. § 1983. *See* Complaint, hereto attached.

According to 28 U.S.C. § 1446, parties have 30 days after the receipt of the complaint, through service or otherwise, to file its removal of an action to the United States District Court. Defendant District of Columbia hereby removes the above action pursuant to 28 U.S.C. §§ 1441 and 1446, from the Superior Court of the District of Columbia (C.A. No. 07-7615 B), to this Honorable Court.  Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties.  See 28 U.S.C. § 1441(b).

In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by undersigned counsel in this matter are attached hereto and incorporated by reference herein.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By:    /s/ C. Vaughn Adams
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6519; 202-727-3625
E-mail:  corliss.adams@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing notice of removal was mailed, postage prepaid, this 13th day of February, 2008 to:

> Donald M.Temple, Esq.
> 1229 15th Street, N.W.
> Washington, D.C. 20005

/s/ C. Vaughn Adams
C. VAUGHN ADAMS
Assistant Attorney General

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET



08 CV 247 (RJL)

2/13/08

**I (a) PLAINTIFFS**

Bruce A. Pointer, Sr.
Pierrette M. Pointer
3453 25th Street, SE
Washington, DC 20020

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Donald Temple, Esq.
1229 15th Street, N.W.
Washington,D.C.  20005

**DEFENDANTS**

District of Columbia
441 4th Street, NW 6th Floor
Washington, DC 20001
Metropolitan Police Officer George L. Bryant, Individually and Officially
7th Police District, 2455 Alabama Avenue, SE
Washington, DC 20004

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

ATTORNEYS (IF KNOWN)

C. Vaughn Adams
AAG
Office of the Attorney General
441 4th Street, N.W.
Washington, D.C. 20001

---

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
    Plaintiff

○ 2 U.S. Government
    Defendant

● 3 Federal Question
    (U.S. Government Not a Party)

○ 4 Diversity
    (Indicate Citizenship of
    Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)  **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/
    Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency
    Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
    Administrative Agency is Involved)

○ **D. Temporary Restraining
    Order/Preliminary
    Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

---

○ **E.  General Civil (Other)**          **OR**          ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
    defendant
☐ 871 IRS-Third Party 26
    USC  7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
    of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
    Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
    Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
    Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
    Exchange
☐ 875 Customer Challenge 12 USC
    3410
☐ 900 Appeal of fee determination
    under equal access to Justice
☐ 950 Constitutionality of State
    Statutes
☐ 890 Other Statutory Actions (if
    not administrative agency
    review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions** (if Privacy Act) *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○ **K.** *Labor/ERISA (non-employment)* | ⊙ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☒ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

○ 1 Original Proceeding   ⊙ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff has filed claims under 42 usc sec. 1983

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** [_____]   Check YES only if demanded in complaint   **JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE   2/13/08   SIGNATURE OF ATTORNEY OF RECORD   *C. Vaughn Adams*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

BRUCE A. POINTER, SR.
PIERRETTE M. POINTER
3453 25th Street, SE
Washington, D.C. 20020

      Plaintiffs,

    v.

DISTRICT OF COLUMBIA
A Municipal Corporation

    Serve: Office of the Attorney General
           441 4th Street, NW, Sixth Floor
           Washington, DC 20001

    Serve: Adrian Fenty, Mayor
           John A. Wilson Building
           1350 Pennsylvania Ave, NW
           Washington, D.C. 20004

and

METROPOLITAN POLICE OFFICER
GEORGE L. BRYANT
in both his individual and official capacities,
Seventh Police District
2455 Alabama Ave., SE
Washington, DC 20020

      Defendants.

FILED
CIVIL ACTIONS BRANCH

NOV 1 5 2007

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Civil Action No. __0007615-07__

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

COME NOW the Plaintiffs, Bruce A. Pointer, Sr. and Pierrette M. Pointer, by and through undersigned counsel, and file this Complaint for damages against Defendants District of


Case: 2007 CA 007615 B

Columbia and Officer George L. Bryant, Badge No. 5101. In support of their claim, Plaintiffs allege the following:

1.    This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and the laws of the District of Columbia. This action is against the District of Columbia government and Metropolitan Police Officer George L. Bryant, Badge No. 5101.

2.    The District of Columbia, through the actions of its employee / agent, Officer Bryant, made an unreasonable seizure and arrest of Plaintiff Bruce Pointer, violating his rights under the Fourth and Fourteenth Amendments of the U.S. Constitution and in violation of § 23-581 of the District of Columbia Code. Further, the District's agent abusively and unjustifiably assaulted Plaintiff Bruce Pointer in violation of § 4-176 of the District of Columbia Code, causing Plaintiffs fear and apprehension and placing them in danger. This action is based upon the following claims: assault, false arrest, false imprisonment, and intentional infliction of emotional distress. Plaintiff further alleges that these violations and torts were committed as a direct and proximate result of customary conduct and tacit policies of the District of Columbia.

3.    This civil action also seeks both compensatory and punitive damages against Officer Bryant in his individual capacity for his intentional torts and acts of negligence under common law.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this case pursuant to § 11-921 of the District of Columbia Code. Venue is proper within the jurisdiction of the District of Columbia because the subject incident occurred in the District of Columbia and Plaintiffs reside

in the District of Columbia.

## PARTIES

5.       Plaintiffs Bruce Pointer and Pierrette Pointer are individuals who reside at 3453 25th Street, SE, Washington, D.C. 20020. They are citizens of the United States.

6.       Defendant District of Columbia ("District") is a municipal corporation, acting under color of law, specifically, under color of the statutes, ordinances, regulations, policies, customs and usages of the District of Columbia. The District owns, operates, manages, directs and controls the District of Columbia Metropolitan Police Department ("MPD").

7.       Defendant Officer George L. Bryant, Badge No. 5101, is a police officer in the District of Columbia. Upon information and belief, he is stationed in the Seventh District. He is being sued in his individual and official capacities.

8.       At all times referenced herein, Officer Bryant was acting under color of District of Columbia law, as a police officer and employee / agent of the District of Columbia Metropolitan Police Department subject to the doctrine of *respondeat superior*.

## FACTS COMMON TO ALL CLAIMS

9.       On or about November 16, 2006, Plaintiff Bruce Pointer, his wife Pierrette Pointer and their young son were returning home in their vehicle after going out to dinner. Immediately after crossing an intersection while the traffic light turned from green to yellow, they were stopped by a Metropolitan Police Department Officer at or near the intersection of 25th Street and Good Hope Road.

10.       The Officer roughly demanded to see Mr. Pointer's driver's license, then told him that his license was "no good." The Officer called for backup, ordered Mr. Pointer to get out of

3

the car, kicked his legs apart, handcuffed him, aggressively snatched the strings from his shoes and clothing, verbally attempted to provoke him, took him to the police station for lockup and took away the vehicle as well. The Officer completely disregarded the safety and welfare of Ms. Pointer and her young son, traumatizing the boy to tears and leaving both of them terrified on the street at night in the cold on the corner of Good Hope Road near Alabama Avenue in Southeast Washington, DC.

11.    At the police station, an Officer used permanent black marker to write "not valid" across Mr. Pointer's driver's license, and punched a hole in his license. Mr. Pointer was imprisoned in a cell for the next several hours, then released without any explanation or apology.

12.    The following day, Mr. Pointer obtained a printout of his Clearance Letter from the Department of Motor Vehicles ascertaining that his license was valid and that there were no suspensions or revocations against his record. As a result, the license-related charges against Mr. Pointer were no-papered.

13.    Subsequently, *pro se* Plaintiffs Mr. and Mrs. Pointer filed suit and attempted to serve the Mayor, the District of Columbia and the Officer. On February 23, 2007, the District of Columbia Office of the Attorney General admittedly received two copies of the initial order, summons and original *pro se* complaint. Later, the case was dismissed without prejudice due to Plaintiffs' unfamiliarity with the technicalities of civil procedure.

14.    Plaintiffs again bring their case so that it can be considered on its merits.

15.    At no time during the events described above were the Plaintiffs disorderly or a threat to the safety of any officers or others, nor did Plaintiffs commit any criminal offenses.

16.    Defendants had no probable cause to detain, arrest, charge or prosecute Plaintiff

4

Bruce Pointer. The reason stated by Officer Bryant (that Plaintiff's license was "no good") was false, as proven by the Clearance Letter issued subsequently by the Department of Motor Vehicles.

17.    As a direct and proximate result of the said acts of the Defendants herein, the Plaintiffs suffered injuries and damages.

18.    Officer Bryant acted in reckless disregard of Plaintiff's liberty interests and in a malicious, abusive and callous manner.

## CAUSES OF ACTION

### COUNT I

### ASSAULT

19.    Plaintiffs incorporate by reference allegations contained in paragraphs 1-18 in this Count as if fully set forth herein.

20.    While working in the scope of his employment as a police officer for the District of Columbia, Officer Bryant caused the Plaintiffs to have fear and apprehension of unlawful, unjustified touching or contact.

21.    As a direct and proximate result of Defendants' conduct, Plaintiffs suffered fright, shame, mortification from indignity and disgrace, loss of self-esteem, and continue to suffer psychological, mental and emotional distress.

WHEREFORE, Plaintiffs demand as follows:

a.    Judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00)

b.    Judgment against Officer Bryant for punitive damages in an amount in excess of twenty-five thousand dollars ($25,000.00) for his illegal actions toward Plaintiffs and to deter similar conduct in the future.

c.    Reasonable attorney's fees, costs, and other relief as this Court deems proper.

## COUNT II

### FALSE ARREST

22.    Plaintiffs incorporate by reference allegations contained in paragraphs 1-21 in this Count as if fully set forth herein.

23.    Defendant District of Columbia and Officer Bryant, without probable cause, intentionally, unduly and maliciously deprived Plaintiff Bruce Pointer of his liberty when he was handcuffed, detained and jailed.

24.    As a direct and proximate result of the Defendants' conduct, Plaintiffs were placed in danger and suffered degradation, mental anguish, and emotional distress.

WHEREFORE, Plaintiffs demand as follows:

a.    Judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00)

b.    Judgment against Defendants, jointly and severally, for punitive damages in an amount in excess of twenty-five thousand dollars ($25,000.00) for their illegal actions toward Plaintiffs and to deter similar conduct in the future.

c.    Reasonable attorney's fees, costs, and such other relief as this Court deems proper.

## COUNT III

### FALSE IMPRISONMENT

25.    Plaintiffs incorporate by reference allegations contained in paragraphs 1-24 in this Count as if fully set forth herein.

26.    Defendant District of Columbia and Officer Bryant, without probable cause, intentionally, unduly and maliciously deprived Plaintiff Bruce Pointer of his liberty when they illegally caused him to be detained and jailed.

27.    As a direct and proximate result of the Defendants' conduct, Plaintiffs were

6

placed in danger and suffered degradation, mental anguish, and emotional distress.

WHEREFORE, Plaintiff demands as follows:

a.     Judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00)

b.     Judgment against Defendants, jointly and severally, for punitive damages in an amount in excess of twenty-five thousand dollars ($25,000.00) for their illegal actions toward Plaintiffs and to deter similar conduct in the future.

c.     Reasonable attorney's fees, costs, and other relief as this Court deems proper.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.     Plaintiffs incorporate by reference allegations contained in paragraphs 1-27 in this Count as if fully set forth herein.

29.     Defendants intentionally caused harm to Plaintiffs by way of the Officer's extreme, reckless and outrageous conduct.

30.     As a direct and proximate result of the Defendants' conduct, Plaintiffs were placed in danger and suffered degradation, mental anguish, and emotional distress.

WHEREFORE, Plaintiff demands as follows:

a.     Judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00)

b.     Judgment against Defendants, jointly and severally, for punitive damages in an amount in excess of twenty-five thousand dollars ($25,000.00) for their illegal actions toward Plaintiffs and to deter similar conduct in the future.

c.     Reasonable attorney's fees, costs, and such other relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,
DONALD M. TEMPLE, P.C.

By:

Donald M. Temple, Esq.
1229 15th Street, NW
Washington, D.C. 20005
tel.: (202) 628-1101
fax: (202) 628-1149
dtemplelaw@aol.com
**Attorney for Plaintiff**

ra:\Pointer-Bruce cmplnt

8

*CA Form 1*

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

*Bruce Painter et al.*

*Plaintiff*

Civil Action No.

vs.

*District of Columbia et al.*

*Defendant*

*Office of the Mayor*
*1350 Pennsylvania Ave NW*
*Washington DC 20004*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12.00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Donald M. Temple*

Name of Plaintiff's Attorney

*1229 15th St NW*

Address *Washington DC 20005*

*202-628-1101*

Telephone

Clerk of the Court

By *C Kelley*

Deputy Clerk

Date *Nov 15, 2007*

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(3)-456(May 03)

CA Form 1

# Superior Court of the District of Columbia

**CIVIL DIVISION**
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

*Bruce Pointer, et al.*

*Plaintiff*                                        0007615-07

vs.                                        Civil Action No. _____

*District of Columbia,*
*et al.*        **Defendant**
*Office of the Attorney General*
*441 4th St NW, 6th Floor*
*Washington DC 20001*        **SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.    If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

*Donald M. Temple*
Name of Plaintiff's Attorney
*1229 15th St NW*
Address    *Washington DC 20005*        By _____*C Kelley*_____
                        Deputy Clerk
*202-628-1101*
Telephone                    Date ___*Nov. 15, 2007*___

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

CA Form 1

# Superior Court of the District of Columbia

### CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

*Brua Pointer et al.*

_____ *Plaintiff*

vs.

*MPD Officer*
*George L. Bryant* _____ *Defendant*
*Seventh District*
*2455 Alabama Ave, SE*
*Washington DC 20020*

0007615-07

Civil Action No. _____

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Donald M. Temple* _____

**Name of Plaintiff's Attorney**

*1229  15th St  NW* _____

**Address**

*Washington DC  20005*

*202 - 628 - 1101* _____

**Telephone**

*Clerk of the Court*

By __*C. Kelley*_____

**Deputy Clerk**

Date __*Nov. 15, 2007*_____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

### NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

*Bruce Pointer et al.*

0007615-07

Case Number: _____

vs

*District of Columbia et al.*

Date: *November 15, 2007*

| | |
|---|---|
| Name: (please print) *Donald M. Temple, Esq.* | Relationship to Lawsuit |
| Firm Name: *Donald M. Temple P.C.* | ☒ Attorney for Plaintiff |
| Telephone No.: *202-628-1101*    Six digit Unified Bar No.: *408949* | ☐ Self (Pro Se)<br>Other: _____ |

TYPE OF CASE:    ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury
Demand: $ *25,000 ᵒᵒ*    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar #: _____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 _____

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

**COLLECTION CASES**
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☒ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including wrongful death)
☐ 16 Negligence-(Not Automobile, Not Malpractice)

☐ 17 Personal Injury – (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/July. 07

# INFORMATION SHEET,    Continued

| D. OTHERS | | |
|---|---|---|
| I.<br>☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☐ 07 Insurance/Subrogation<br>    Under $25,000 Pltf.<br>    Grants Consent<br>☐ 08 Quite Title<br>☐ 09 Special Writ/Warrants<br>    DC Code § 11 -941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA)<br>    (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify,<br>    Vacate Arbitration Award<br>    (D.C. Co  de § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation<br>    Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation<br>    Over $25,000<br>☐ 28 Motion to Confirm Arbitration<br>    Award (Collection Cases Only)<br>☐ 29 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
| II.<br>☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage<br>    Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as<br>    Judgment [D.C. Code §<br>    2 -1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code §<br>    42 -3301, et seq.) | ☐ 21 Petition for Subpoena<br>    [Rule 28 -I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1)<br>    (Perpetuate Testimony) |

_____          _Nov. 15, 2001_
Attorney's Signature                        Date

CV -496/July.07



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

BRUCE A POINTER Sr
    Vs.                        C.A. No.    2007 CA 007615 B
DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge GEOFFREY M ALPRIN
Date:  November 15, 2007
Initial Conference: 9:00 am, Friday, February 22, 2008
Location:  Courtroom 320
               500 Indiana Avenue N.W.
               WASHINGTON, DC  20001

Caio.doc

## ADD   .DUM TO INITIAL ORDER AFFE   ING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

Filed
D.C. Superior Court
08 Jan 14 P05:58
Clerk of Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

BRUCE A. POINTER, et al.,                    :
                                             :
            Plaintiffs,                      :
                                             :
    v.                                       :    Civil Action No. 007615B
                                             :    Judge G. Alprin
SGT. L. BRYANT, et al.                       :    Calendar
        :
            Defendants.                      :

**PLAINTIFFS' MOTION TO EXTEND THE TIME FOR SERVICE**
**WITH INCORPORATED MEMORANDUM**

COME NOW the Plaintiffs, by counsel, and respectfully move the Court to extend the

time for service of the Complaint pursuant to Super.Ct.Civ.R. 4(m) for the following reasons:

1) The Complaint and Summons in this matter have been provided to a process server in the

    District of Columbia.

2) Service has been effected on the District of Columbia and the Mayor.

3) Additional time is needed to effect service on the named Metropolitan Police Officer, as

    (a) there was an apparent discrepancy as to the correct spelling of the Officer's name,

        causing delay in service, and

    (b) the Officer was away on leave during the period when service was attempted.

WHEREFORE, the Plaintiffs respectfully request that the time for service of process in

this matter be extended by 45 days.

Respectfully submitted,
_____/s/_____
Donald M. Temple, Esq. [408749]
1229 15th Street, N.W.
Washington, D.C. 20005
Tel.: (202) 628-1101
Fax.: (202) 628-1149
dtemplelaw@aol.com

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

BRUCE A. POINTER, et al.,              :
                                       :
          Plaintiffs,                  :
                                       :
     v.                                :      Civil Action No. 007615B
                                       :      Judge G. Alprin
SGT. L. BRYANT, et al.                 :      Calendar
                                       :
          Defendants.                  :

### ORDER

Upon consideration of the Plaintiffs' Motion to extend the time for service in this matter,

and good cause having been shown, it is hereby

**ORDERED,** that the Motion to extend the time for service is **GRANTED**; and it is

**FURTHER ORDERED,** that the time for service shall be extended by 45 days.

**SO ORDERED** this _____ day of _____, 2008.

_____
Judge

_____
Date

COPIES TO:

Donald M. Temple, Esq.
Temple Law Offices
1229 15th Street, N.W.
Washington, DC 20005
dtemplelaw@aol.com

## SUPERIOR COURT FOR THE
## DISTRICT OF COLUMBIA
## CIVIL DIVISION



Bruce A. Pointer, Sr.

    Plaintiff

v.

District of Columbia, et al.

    Defendants.

Case No. 2007 CA 007615 B
Judge:

### AFFIDAVIT OF SERVICE BY HAND DELIVERY

    I, DeQuan Bogan, hereby certify that I am over the age of eighteen years and I am not a party in the above case. My place of business is 1229 15th street, NW, Washington, D.C. 20005. My contact number is (202) 256-4718.

    On or about January 14, 2008, at or around _4:30 P.M._ I, Dequan Bogan, personally hand delivered a copy of the complaint, summons, and initial order upon The District of Columbia **Office of the Attorney General**. The location of service was executed at 441 4th Street, NW, Sixth floor, Washington, D.C. 20001.

_____
DeQuan Bogan

_____
Notary Public

I certify under a penalty of perjury that the foregoing is true and correct.

Executed on _1/14/08_
     Date

_____
Signature

Hernan Siciliano - 1229 15th Street, NW, Washington, DC. 20005

Ernesto-Hernan Siciliano
Notary Public
Montgomery County, State of Maryland
My Commission Expires May 20, 2011



**SUPERIOR COURT FOR THE
DISTRICT OF COLUMBIA
CIVIL DIVISION**

```
FILED
CIVIL ACTIONS BRANCH
JAN 1 4 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC
```

Bruce A. Pointer, Sr.

    **Plaintiff**

v.                                                    Case No. 2007CA 007615 B
                                                      Judge:

District of Columbia, et al.

    **Defendants.**


## AFFIDAVIT OF SERVICE BY HAND DELIVERY

    I, DeQuan Bogan, hereby certify that I am over the age of eighteen years and I am not a party in the above case. My place of business is 1229 15th street, NW, Washington, D.C. 20005. My contact number is (202) 256-4718.

    On or about January 14, 2008, at or around _4:45 P.M._ I, Dequan Bogan, personally hand delivered a copy of the complaint, summons, and initial order upon The District of Columbia **Mayor Adrian Fenty**. The location of service was executed at: 1350 Pennsylvania Ave, NW, Washington, D.C. 20001.

_____
DeQuan Bogan


_____
                       Notary Public

I certify under a penalty of perjury that the foregoing is true and correct.

Executed on ___1/14/08___          ___Hernan Siciliano___
             Date                              Signature


Hernan Siciliano - 1229 15th Street, NW, Washington, DC. 20005


Ernesto-Hernan Siciliano
Notary Public
Montgomery County, State of Maryland
My Commission Expires May 20, 2011



Case: 2007 CA 007615 B
Dkt: CIVRSSC

3408074 VANCES 01/18/2008 11:57:22 AM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_BRUCE A. POINTER, SR._
Plaintiff

v.                                    Civil Action No.    08 0247

                                                    FEB 13 2008

_DISTRICT OF COLUMBIA, ET AL_
Defendant

    The above entitled action, removed from the Superior Court for the District of Columbia,

has been filed and assigned to Judge __LEON, J. RJL_____. All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action.  (See preceding sentence for judge's initials).

    Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice.  To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a).  Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

    Finally, your attention is called to Local Rule 16.3, Duty to Confer.  This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk

cc: _DONALD M. TEMPLE_

929A
Rev. 7/02