UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE A. POINTER, Sr., ) <br> PIERRETTE M. POINTER ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, ) <br> A Municipal Corporation ) <br> ) <br> and ) <br> ) <br> METROPOLITAN POLICE OFFICER ) <br> GEORGE L. BRYANT ) <br> In both his individual and official capacities ) <br> ) <br> Defendants. ) | Civil Action No. 08-cv-247 (RJL) |

## ANSWER OF THE DISTRICT OF COLUMBIA

Defendant District of Columbia (hereafter "the District"), by and through counsel, answers the Complaint herein as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Complaint, defendant District responds in like-numbered paragraphs as follows:

1. The allegations in paragraph 1 are the legal conclusions of the pleader to which no response is required.

2. The District denies the allegations in paragraph 2.

3. The allegations in paragraph 3 are legal conclusions to which no response is needed.

**Jurisdiction and Venue**

4.The allegations in paragraph 4 are the legal conclusions of the pleader to which no response is required.

**Parties**

5.The District is without sufficient information to admit or deny the allegations in paragraph 5.

6.The District admits that it is a municipality. The remaining averments are the legal conclusions of the pleader to which no response is required.

7.The District is unaware of an Officer George L. Bryant, Badge No. 5101, and can neither admit nor deny the allegations in this paragraph.

8.The allegations in paragraph 8 are the legal conclusions of the pleader to which no response is required.

**Facts Common to All Claims**

9.The District is without sufficient facts to admit or deny the allegations in paragraphs 9 through 12. To the extent a response is required, this defendant denies the allegations.

13.The District admits that plaintiff filed suit against the herein named defendants. Further answering, the District is without sufficient information to admit or deny the remaining allegations in paragraph 13. To the extent a response is required, the allegations herein are denied.

14.The District lacks sufficient information to either admit or deny the allegations in paragraph 14.

15.-18.   The allegations in this paragraph are a legal conclusion to which no response is required.  To the extent a response is required, this defendant denies the allegations.

## COUNT 1-ASSAULT

19.     The District incorporates its responses to paragraphs 1 through 18 as if separately set forth herein.

20.-21. The allegations in paragraphs 20 and 21 are legal conclusions to which no response is needed.  To the extent that a response is needed, the allegations in this paragraph are denied.

## COUNT 2-FALSE ARREST

22.     The District incorporates its responses to paragraphs 1 through 21 as if separately set forth herein.

23-24.   The allegations in this paragraphs 23 and 24 are legal conclusions to which no response is needed.  To the extent that a response is needed, the allegations are denied.

## COUNT 3-FALSE IMPRISONMENT

25.     The District incorporates its responses to paragraphs 1 through 24 as if separately set forth herein.

26.-27.   The allegations in paragraphs 26 and 27 are legal conclusions to which no response is needed.  To the extent that a response is needed, the allegations are denied.

## COUNT 4-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.     The District incorporates its responses to paragraphs 1 through 27 as if separately set forth herein.

29-30.   The allegations in paragraphs 29 and 30 are the legal conclusions of the pleader to which no response is required.  To the extent that a response is needed, the allegations in this paragraph are denied.

Further answering the complaint, the District denies all allegations not specifically admitted or otherwise answered.

### Third Defense

Plaintiffs' claims do not rise to the level of a constitutional violation against the District.

### Fourth Defense

Plaintiffs cannot establish that any District custom, policy and/or practice was the moving force behind his alleged constitutional injuries.

### Fifth Defense

The District denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, deliberate indifference, and unconstitutional policy or custom.

### Sixth Defense

The District cannot be held liable for any alleged constitutional misconduct by its employees under a theory of *respondeat superior* liability.

### Seventh Defense

If plaintiffs were injured or damaged as alleged, such injuries were the result of their own intentional, illegal or otherwise wrongful conduct.

### Eighth Defense

If plaintiffs were injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than the District, its employees, agents and servants acting within the scope of their employment.

### Ninth Defense

Plaintiffs may have failed to fully comply with the mandatory notice requirements of D.C. Official Code Section 12-309 (1981).

### Tenth Defense

Plaintiffs may have failed to mitigate their damages.

### Eleventh Defense

The action may be barred by the statute of limitations, and/or laches.

### Twelfth Defense

The action may be barred by issue or claim preclusion, or not yet have accrued.

### Set-off

Defendant District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of plaintiffs, including medical care.

### Jury Demand

The District hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

 /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

5

By:  /s/ C. Vaughn Adams
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6519; 202-727-3625
E-mail: corliss.adams@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer of the District of Columbia was mailed, postage prepaid, this 14th day of March, 2008 to:

Donald M. Temple, Esq.
1229 15th Street, N.W.
Washington, D.C. 20005

/s/ C. Vaughn Adams
C. VAUGHN ADAMS
Assistant Attorney General