## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE A. POINTER, Sr., ) | |
| PIERRETTE M. POINTER ) | |
| ) | Civil Action No. 08-cv-247 (RJL) |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| A Municipal Corporation ) | |
| ) | |
| and ) | |
| ) | |
| METROPOLITAN POLICE OFFICER ) | |
| GEORGE L. BRYANT ) | |
| In both his individual and official capacities ) | |
| ) | |
| Defendants. ) | |

### ANSWER OF GEORGE L. O'BRYANT

Defendant Officer George L. O'Bryant (hereafter "O'Bryant"), by and through counsel, answers the Complaint herein as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Complaint, defendant George O'Bryant responds in like-numbered paragraphs as follows:

1. The allegations in paragraph 1 are the legal conclusions of the pleader to which no response is required.

2. Defendant George O'Bryant denies the allegations in paragraph 2.

3. The allegations in paragraph 3 are legal conclusions to which no response is needed.

**Jurisdiction and Venue**

4.  The allegations in paragraph 4 are the legal conclusions of the pleader to which no response is required.

**Parties**

5.  The defendant is without sufficient information to admit or deny the allegations in paragraph 5.

6.  The defendant admits that the District of Columbia is a municipality. The remaining averments are the legal conclusions of the pleader to which no response is required.

7.  The defendant admits that he is a police officer in the District of Columbia. Defendant denies that his badge number is 5101 or that he is stationed at the Seventh District. The remainder of this paragraph is a legal conclusion to which no response is required

8.  The allegations in paragraph 8 are the legal conclusions of the pleader to which no response is required. Notwithstanding the objection, this defendant admits that he was acting within the scope of his employment at all times relevant to the Complaint.

**Facts Common to All Claims**

9.  Defendant admits to stopping Plaintiff's vehicle for running a red light at or near the intersection of Good Hope Road and 25th Street, S.E. on November 16, 2006. The remaining allegations are denied

10. The defendant admits to requesting Plaintiff's drivers' license, learning that it was disqualified and arresting Plaintiff for driving without a valid permit. The remaining allegations in the paragraph are denied.

11. The defendant is without sufficient facts to admit or deny the allegations in paragraph 11. To the extent a response is required, this defendant denies the allegations.

12. The defendant is without sufficient facts to admit or deny the allegations in paragraph 12. To the extent a response is required, this defendant denies the allegations.

13. The District admits that plaintiff filed suit against the herein named defendants. Further answering, defendant O'Bryant is without sufficient information to admit or deny the remaining allegations in paragraph 13. To the extent a response is required, the allegations herein are denied.

14. Defendant O'Bryant lacks sufficient information to either admit or deny the allegations in paragraph 14.

15.-18. The allegations in this paragraph are a legal conclusion to which no response is required. To the extent a response is required, this defendant denies the allegations.

## COUNT 1-ASSAULT

19. Defendant O'Bryant incorporates his responses to paragraphs 1 through 18 as if separately set forth herein.

20.-21. The allegations in paragraphs 20 and 21 are legal conclusions to which no response is needed. To the extent that a response is needed, the allegations in this paragraph are denied.

## COUNT 2-FALSE ARREST

22. Defendant O'Bryant incorporates his responses to paragraphs 1 through 21 as if separately set forth herein.

23-24. The allegations in this paragraphs 23 and 24 are legal conclusions to which no response is needed. To the extent that a response is needed, the allegations are denied.

## COUNT 3-FALSE IMPRISONMENT

25.     Defendant O'Bryant incorporates his responses to paragraphs 1 through 24 as if separately set forth herein.

26.-27.  The allegations in paragraphs 26 and 27 are legal conclusions to which no response is needed.  To the extent that a response is needed, the allegations are denied.

## COUNT 4-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.     The District incorporates its responses to paragraphs 1 through 27 as if separately set forth herein.

29-30.  The allegations in paragraphs 29 and 30 are the legal conclusions of the pleader to which no response is required.  To the extent that a response is needed, the allegations in this paragraph are denied.

Further answering the complaint, defendant O'Bryant denies all allegations not specifically admitted or otherwise answered.

### Third Defense

Plaintiffs' claims do not rise to the level of a constitutional violation against this Defendant.

### Fourth Defense

Plaintiffs cannot establish that this Defendnat violated their Constitutional rights.

### Fifth Defense

This defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, deliberate indifference, and unconstitutional policy or custom.

### Sixth Defense

This defendant is entitled to qualified immunity for his complained about conduct..

### Seventh Defense

If plaintiffs were injured or damaged as alleged, such injuries were the result of their own intentional, illegal or otherwise wrongful conduct.

### Eighth Defense

If plaintiffs were injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than the District, its employees, agents and servants acting within the scope of their employment.

### Ninth Defense

This defendant enjoys a privilege for his complained about conduct.

### Tenth Defense

Plaintiffs may have failed to mitigate their damages.

### Eleventh Defense

The action may be barred by the statute of limitations, and/or laches.

### Twelfth Defense

The action may be barred by issue or claim preclusion, or not yet have accrued.

### Thirteenth Defense

Probable cause existed for Plaintiff's arrest.

### Jury Demand

Defedant O'Bryant hereby demands a trial by jury on all issues so triable.

       Respectfully submitted,

       PETER J. NICKLES
       Interim Attorney General for the District of Columbia

       GEORGE C. VALENTINE
       Deputy Attorney General, Civil Litigation Division

       \_/s/ Patricia A. Jones_____
       PATRICIA A. JONES [428132]
       Chief, General Litigation Sec. IV

By:   \_/s/ C. Vaughn Adams_____
       C. VAUGHN ADAMS [449770]
       Assistant Attorney General
       441 4TH Street, NW, 6th Floor-North
       Washington, D.C. 20001
       202-724-6519; 202-727-3625
       E-mail: corliss.adams@dc.gov